State ex rel. Davidson vs. Judge.

## No. 9629.

### THE STATE EX REL. A. M. DAVIDSON VS. THE JUDGE OF THE TENTH JUDICIAL DISTRICT ET ALS.

In applications for the writ of prohibition against inferior courts, we must necessarily act on the state of facts existing at the time of the application. If the particular grievance complained of no longer exists, there is no longer any need of the relief sought.

An application for a prohibition to an inferior judge, based on an alleged usurpation of jurisdiction, in that the suit or a former or similar suit had been transferred from the same judge to the United States Court and was still pending there, must be denied if it appear that the transferred suit has been dismissed from the United States Court prior to the application for the prohibition.

PPLICATION for Prohibition.

*Egan, Pierson & Eagan* and *J. D. Roach* for the Relator:

The removal under the Acts of Congress of a suit *via ordinaria*, by the non-resident defendant into the United States Circuit Court for final determination, divests the State Court of all jurisdiction over the cause of action embraced in such suit. The State Court is thereafter without jurisdiction, under Act, 3d March, 1875, of Congress to proceed any farther in the suit, and is hence without jurisdiction after such removal of the ordinary action to grant a decree for a writ of seizure and sale on the same cause of action between the parties, while the ordinary action is pending in the United States Circuit Court into which it had been removed. Steamship Co. vs. Lugwell, 106 U. S. 122; Kern vs. Hindekoper, 103 U. S. 491; St. Paul and Chicago R. R. Co. vs. McLean, 108 U. S. 216; Davis vs. South Carolina, 107 U. S. 597; Railroad Co. vs. Mississippi, 102 U. S. 135; 19 Wall. 222; 16 Pet. 97; 15 How. 198 and 22 Wall. 250.

The writ of prohibition is the proper remedy to relieve the defendant against the improper proceedings under the writ of seizure and sale after such removal. Clark, Assignee vs. Rozenda, 5 Rob. 29; 32 Ann. 554; 34 Ann. 877, 761.

*L. B. Watkins* for the Respondent:

1. The writ of prohibition issues to courts of inferior or judges who exceed their jurisdiction, only when it is manifestly injurious to rights of relator. C. P. 845, 846, 834.

2. When the allegations of plaintiff's petition and answer of respondents disclose a *prima facie* case of jurisdiction, this Court will not perpetuate the writ. 20 Ann 239, 252. 311; High, p. 566, sec. 780.

3. Antecedent to the adoption of the Constitution of 1879, the writ of prohibition would not go in unappealable cases. 4 R. 48; 12 Ann 513; 11 Ann. 187; 2 Ann. 236; 11 Ann. 696; 8 Ann. 92; 2 La. 86; 19 La. 183; 21 Ann. 123, State ex rel. D'Meza vs. Judge, 29 Ann. 360; State ex rel Cummings vs. Judge; High. p. 572, No. 788; 10 R. 169; 2 La. 236.

4. Article 90 of the Constitution gives this Court "control and general supervision over all inferior Courts," whereby the power of this court, in the issuance and maintenance of the writ of prohibition, is not restricted to cases coming within the appellate jurisdiction.

But to authorize the maintenance of the writ of prohibition there, must "be a plain usurpation of authority, or an arbitrary exercise of power, on the part of such tribunal, and the injury must be actual, or immediately impending." 33 Ann. 925 ; 32 Ann. 1186.

5. It is not in all cases in which a court may have no jurisdiction that a prohibition can issue. It is not a writ of right. 19 La. 167, 174; 27 Ann. 336; 29 Ann 360; 32 Ann. 1188.

It is an extraordinary one which can only issue when the court having no jurisdiction clearly usurps jurisdiction. C. P. 846; 4 Ann. 11; 16 Ann. 186; 32 Ann. 549, 1182; 14 Ann. 7, 504; 2 Ann. 236; 27 Ann. 158; 20 Ann. 240.

It then issues only after a fruitless attempt in the lower court for relief. 10 R. 169; 10 Ann. 552; 29 Ann. 806; and then only in the sound discretion of the court having appellate or supervisory jurisdiction. 19 La. 174; 4 R. 48; 11 Ann. 196; 12 Ann. 513; 14 Ann. 504; 20 Ann. 240; 27 Ann. 158; High, p. 558, sec. 773.

6. Article 90 of the Constitution has received an interpretation in the following cases: 32 Ann. 553; 32 Ann. 549; 36 Ann. 711, 578.

The use of their supervisory power will be regulated by the discretion of the court, and will be most carefully administered, and only exercised in cases when there has been a flagrant usurpation of authority, or when serious injury may accrue to parties to whom no other remedies are apparent, or when the intermediate courts are powerless to give relief.

7. Relator's theory is that the judge a quo usurped jurisdiction the United States Circuit Court had acquired by virtue of the transfer under Act of Congress of March 3, 1875. Of the judgments of that court, this tribunal has no appellate jurisdiction.

Those courts are not powerless to give relator relief, because—according to his theory—both respondents and himself are subject to that jurisdiction.

Relator could have certainly filed an exception of lis pendens in that court. If necessary that court could have issued to the interfering State court a writ of certiorari, and had the executory proceedings brought up for inspection and comparison.

But relator's object is delay. He has no defense. The exception of lis pendens is an exception, and must be pleaded before default. Hen. Dig. p. 1166, No. 1; 15 Ann. 79.

8. When two suits are pending between the same parties, for the same cause of action, before different courts of concurrent jurisdiction, the declinatory exception of lis pendens will lie. C. P. 335, 94.

In such case the judgment first rendered is valid, and proceedings in the other cause will be stayed. 37 Ann. 409; C. P. 94.

The opinion of the Court was delivered by

MANNING, J.  The relator seeks to obtain a prohibition against the judge of the district court for Red River parish, proceeding further in a suit pending before him, wherein John Chaffe & Sons are plaintiffs and the relator is the defendant, and the Chaffes are made co-respondents.

They had sued Davidson in the district court for Red River on November 21, 1885, upon a lost promissory note for $4000, and several years' accumulated interest, and had attached his plantation and its rents and revenues, Davidson being a non-resident. Service of process was made on a curator ad hoc, and judgment by default was entered on December 2, following. The plaintiffs were about to confirm the default on the fifth, or to call the cause for trial when counsel appeared for Davidson, and moved to set the default aside and also moved a continuance, and without demanding or waiting for the action of the court on either motion prayed a transfer of the cause to the United States Court for Western Louisiana, and having filed a bond the order of transfer was made and no further proceedings were had.

Davidson made no haste to obtain a transcript of the record but Chaffe & Sons did, and they filed it in the United States Court at Shreveport, and immediately filed their motion to dismiss their suit and paid all the costs.

It seems that the note meanwhile has been found for on December 9. Chaffe & Sons obtained from Judge Hall an order of seizure and sale of the plantation to pay this note and interest, and the sheriff advertised the sale shortly thereafter. Up to this time the United States Judge had not entered the formal judgment of dismissal in his court. This was not done until January 16, 1886.

Four days afterwards the relator applied to this Court for the writ of prohibition and it was issued provisionally with an order to shew cause, etc.

The respondent judge answers that when the petition for an order of seizure and sale, with accompanying documents was presented to him on December 9, there were also exhibited a certified transcript of the case filed in the United States Court with the motion of the plaintiffs to dismiss the same as of non-suit, and receipts for the payment of all costs in both courts, and although the judgment of dismissal had not then been rendered, he considered the plaintiffs had a right to the order for which they were then applying and he granted the executory process.

The relator bases his right to the writ on the assumption that the suit of the Chaffes against him is still pending in the United States Court. The writ is issued when inferior courts are usurping or exceeding their jurisdiction, Code Prac. Arts. 845-6, and it is because of this alleged usurpation by the State court of a jurisdiction then vested in the United States Court that the relator claims our interposition to check it. But the fact is that the United States Court had already divested itself of jurisdiction by dismissing the case when the relator applied for the writ. There was, therefore, then no conflict of jurisdiction nor usurpation of jurisdiction, nor any question of jurisdiction of any kind. Admitting all that the relator claims for the effect of a transfer in completely depriving the State court of jurisdiction and transferring it to the United States Court whenever the pre-requisites for removal have been complied with, the patent and salient fact confronts him and us that when he complained of the State court's usurpation of jurisdiction, the United States Court had ceased to have or claim it, but on the contrary had formally dismissed the case from its docket.

Necessarily we must act on the condition or state of facts existing when he seeks relief. However much he may ignore the dismissal of

the suit by the United States Court on January 16, we must take cognizance of it; and when, on the 20th, he applies for a writ to which he would not be entitled unless the suit were still pending in the United States Court, we must recognize that it is no longer pending, since the certified copy of the judgment of dismissal by the United States Court is laid before us.

Possibly the relator did not know that a judgment of dismissal had been formally entered, but his argument is that the jurisdiction of the State judge must be determined by the state of facts existing on December 9, when he granted the order of seizure and sale, and since at that time the jurisdiction of the State court of the ordinary suit had been divested by the removal, and no order of dismissal had been made by the United States Court, the State court was incompetent to make any order or take any proceeding touching the subject-matter of the suit.

The answer of the respondents to that is that the judge neither then nor since has made any order in or assumed jurisdiction in any manner of the transferred suit, and that his grant of the order of seizure and sale was in a totally different proceeding and in an independent suit.

We are not required just now to say anything respecting these pretensions. The validity or rightfulness of the order of seizure and sale is not now before us. Whether the judge could legally grant it at that time is a matter we are not now concerned with. The particular matter in hand now is to ascertain and determine whether the relator had just and legal right to a writ prohibiting the inferior judge from proceeding in a certain cause on January 20, 1886, because a suit the same or similar to the one he had acted or was acting in had been transferred to the United States Court and was then pending therein, and we find that no suit was then pending there touching the subject-matter of the one he was acting in, and consequently there was then no usurpation of jurisdiction, and therefore

The writ is denied.